UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAVARIS LEE,

    Plaintiff,

v.                                  Case No. 3:13cv633/LC/CJK

C. BLACKMON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon defendants' motion to dismiss with prejudice for plaintiff's failure to properly exhaust his administrative remedies. (Doc. 20). Plaintiff has responded in opposition to the motion. (Doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful consideration of the record, the parties' submissions and the relevant law, the court concludes that defendants' motion to dismiss should be granted and this case dismissed, but without prejudice.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Blackwater River Correctional Facility. Plaintiff initiated this lawsuit on December

17, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff filed a second amended complaint on July 23, 2014. (Doc. 11). Plaintiff's second amended complaint names as defendants Nurse C. Blackmon and Captain J. Langford, both prison officials at Blackwater River CF. (Doc. 11, p. 1). Plaintiff alleges that on September 17, 2013, he "suffered an injury to his right ankle/foot" while playing basketball. (*Id*., p. 5). Plaintiff's foot became swollen and painful, and Nurse Blackmon provided plaintiff a bag of ice, an ace bandage, crutches, a medical pass for crutches, and a referral for an x-ray. During the consultation, plaintiff informed Blackmon that he was housed in an upper-tier top bunk and requested a medical pass for a bottom-tier lower bunk. (*Id*.). Blackmon refused the medical pass. (*Id*., pp. 5-6). After plaintiff arrived at his dormitory, he informed the officer in charge (Sergeant Lageer) of his injury and requested a bottom bunk on a low tier. (*Id*., p. 6). Plaintiff states he was "directed to Captain J. Langford, who stated he was not doing any moves, but to confinement, 'cause in order to move he would have to contact the warden." (*Id*., p. 6 continuation page). Plaintiff alleges that the following morning (September 18, 2013), while descending the stairs from his upper-tier cell, he "lost balance while on crutches and fell down the entire sixteen steps to the floor." (*Id*., p. 6). The fall "caus[ed] further injuries that consist of lower back pain, severe headaches, more swelling to his right foot/ankle as well as torn tissues." (*Id*.). Plaintiff seeks to hold the defendants liable on the theory that they were deliberately indifferent to his health and safety when Blackmon refused to issue plaintiff a low-tier low-bunk pass the day of his injury, and when Langford refused to reassign plaintiff to a low-tier cell the day of his injury. (*Id*., pp. 5, 6 continuation page). As relief, plaintiff seeks monetary damages. (*Id*., p. 7).

The court directed service of plaintiff's second amended complaint on November 5, 2014. (Doc. 15). Due to plaintiff's proceeding *pro se*, the United States Marshals Service effected service of process. Service was effected by sending each defendant a request for waiver of service on November 18, 2014. (Docs. 15, 17, 18).

On January 12, 2015, defendants filed their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that plaintiff failed to properly exhaust his administrative remedies because he did not timely pursue them and cannot now cure the deficiency. (Doc. 20; Doc. 21 (supporting exhibits)). The certificate of service attached to defendants' motion certified that "this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court." (Doc. 20, p. 8). On January 28, 2015, defendants filed an amended certificate of service stating that the original certificate "inaccurately omitted that service was also made that day, January 12, 2015, on Plaintiff via U.S. Mail." (Doc. 25).

Plaintiff opposes defendants' motion to dismiss, asserting: (1) the motion is untimely because it was due January 20, 2015, but was not served upon him via institutional mail until January 21, 2015; (2) the grievance coordinator "committed a Giglio violation by providing false information in his affidavit swearing that plaintiff failed to adhere to chapter 33-103.011 Time Frames for Filing Grievances"; (3) contrary to defendants' assertion, plaintiff timely placed an informal and formal grievance in the institution's "locked box" on September 29, 2013; and (4) the exhibits accompanying plaintiff's response demonstrate that he properly exhausted his administrative remedies in a timely manner and that each grievance was addressed on the merits and not rejected as untimely. (Doc. 26 and Attach. (supporting

exhibits)).

## DISCUSSION

The court will first address whether defendants' motion to dismiss is timely. Rule 12 of the Federal Rules of Civil Procedure requires a defendant who has timely waived service to serve a responsive pleading within 60 days after the request for waiver of service was sent. Fed. R. Civ. P. 12(a). Plaintiff asserts defendants' motion is untimely, because defendants were required to serve their motion by January 20, 2015, but plaintiff did not receive the motion until January 21, 2015, when it was "served on plaintiff via institutional legal mail." (Doc. 26, pp. 1). In support of this assertion, plaintiff attached a copy of the institutional "Legal Mail Call Outs" log for January 20, 2015, which indicates plaintiff was not called out for delivery of legal mail on that date. (Doc. 26, Ex. E). Plaintiff also submitted a copy of the envelope in which defendants' motion to dismiss arrived. (Doc. 26, Ex. F). There is no date of mailing indicated on the envelope. (*Id*.).

The relevant question is not when plaintiff received defendants' motion via institutional mail, but when the defendants mailed it. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that when a paper is served by mail, "service is complete upon mailing"). Defendants' amended certificate of service certifies that a copy of the motion was mailed to plaintiff on January 12, 2015. (Doc. 25). Plaintiff's evidence does not rebut this. Absent evidence that defendants' amended certificate of service is inaccurate, the court finds that defendants' counsel mailed the motion to dismiss to plaintiff on January 12, 2015; thus, pursuant to Rule 5, service of the motion was complete on that date. As defendants' motion to dismiss was served within 60 days of November 18, 2014, it is timely.

Exhaustion Requirement

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth*, 532 U.S. at 734, 121 S. Ct. at 1825.

"[T]he PLRA exhaustion requirement requires <u>proper</u> exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91.

The exhaustion requirement is not subject to waiver by a court, or futility or

inadequacy exceptions.  *Booth*, 532 U.S. at 741 n.6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).  Nor is a court allowed to continue a case pending exhaustion.  *Alexander*, 159 F. 3d at 1324-26 (holding that there is no discretion to waive the exhaustion requirement or provide continuances in the event a claim was not exhausted prior to filing suit).

The grievance procedures promulgated by the FDOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary.   FLA. ADMIN. CODE  rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010).  The grievance procedures establish time frames for filing these grievances.  Rule 33-103.011 provides:

> When determining the time frames for grievances in all cases, the specified time frame shall commence on the day following the date of the incident or response to the grievance at the previous level.  For example, if an incident occurred on December 1, fifteen days from that date would be December 16.
>
> (1) Filing of Grievance.
>
>   (a) Informal Grievances – Must be received within 20 days of when the incident or action being grieved occurred. . . .
>
>   (b) Formal Grievances – Must be received no later than 15 calendar days from:
>
>     1.  The date on which the informal grievance was

responded to; or

> 2. The date on which the incident or action being grieved occurred if an informal grievance was not filed pursuant to the circumstances specified in subsection 33-103-006-3, F.A.C.

> (c) Grievance appeals to the Office of the Secretary – Must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate.

FLA. ADMIN. CODE r. 33-103.011(1)(a)-(c) (emphasis added).

When submitting a grievance appeal to the Office of the Secretary, the inmate must attach a copy of his formal grievance and response. FLA. ADMIN. CODE r. 33-103.007(5)(a).

The informal grievance, formal grievance, or grievance appeal "may" be returned to the inmate without further processing if, following a review of the grievance, one or more of the conditions enumerated in Rule 33.103.014 are found to exist. FLA. ADMIN. CODE r. 33-103.014(1). One such condition is that the grievance was not received within the time frame provided in Rule 33.103.011. *See* FLA. ADMIN. CODE r. 33-103.014(1)(d), (e), (i), (u). Another such condition is that the grievance appeal did not have the required attachments (a copy of the inmate's formal grievance and response). FLA. ADMIN. CODE r. 33-103.014(1)(g).

An inmate who has a grievance returned to him for failing to include the requisite attachments may correct the deficiency and refile the grievance if, upon receipt of the notification, the filing is within allowable time frames. *Id.* r. 33-103.014(2). Rule 33-103.014(2) does not permit the refiling of a grievance that has been returned as untimely. *Id.*

Procedure for Ruling on Motion to Dismiss for Failure to Exhaust Administrative Remedies

In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). The court held that the defense of failure to exhaust should be treated as a matter in abatement. *Id*. at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendants' motion, and those in the plaintiff's response. *Id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative

remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

Plaintiff's Administrative Grievances

The evidence in the record establishes the following. On September 29, 2013, plaintiff signed an informal grievance complaining of Nurse Blackmon's and Captain Langford's conduct. (Doc. 26, Ex. A). The informal grievance was stamped "Received" on October 30, 2013. (*Id*.). The informal grievance was "Denied" on October 31, 2013, with the following explanation:

> Your grievance has been reviewed. On 9/17/13 medical advised you did not have a low tier/low bunk pass. You twisted your ankle at 1:44 pm but waited until 4:30 pm to confront the dorm sergeant. This was 3 hours after you twisted your ankle. The medical staff did not think your injury was bad enough for a low bunk/low tier.

(Doc. 26, Ex. A).

Also on September 29, 2013, plaintiff submitted a formal grievance to the warden's office. (Doc. 20, Ex. B; Doc. 26, Ex. B, p. 2). The formal grievance was stamped "Received" on October 30, 2013. (*Id*.).

Defendants, through the affidavit of Rolando Bethea, the grievance coordinator and records custodian for grievances filed at Blackwater River CF, assert that because plaintiff's informal and formal grievances were not received until October 30, 2013, which is more than 20 days after the September 17, 2013 foot injury and September 18, 2013 fall, these grievances "would not comply with applicable rules and would be rejected as untimely." (Doc. 20, p. 7; Doc. 21, Ex. A, Bethea Aff. ¶ 11). As support for this contention, defendants have provided one document: a copy of plaintiff's formal grievance to the warden's office. (Doc. 21, Ex. B). Defendants

omitted the warden's response, even though the response was issued November 11, 2013, well before defendants filed their motion to dismiss. (*See* Doc. 26, Ex. B, p. 1).

Plaintiff <u>has</u> provided the court with a copy of the warden's response. (Doc. 26, Ex. B, p. 1). Plaintiff's formal grievance was <u>not</u> rejected as untimely; it was addressed on the merits and denied:

> Your grievance was received, reviewed and evaluated with the following response:
>
> Review finds that the fall you sustained did not cause any severe injuries. You have been x-rayed and followed closely. You were issued a low bunk pass and low tier the next day along with having the x-rays done. You have been told the results of the x-rays.
>
> Your allegation that your fall was due to staff negligence is unfounded.
>
> Based on the above information your grievance is denied.
>
> You may obtain further administrative review of your complaint by obtaining Form DC1-303, completing the form, providing attachments as required by Chapter 33-103.007, and forwarding to the Bureau of Policy Management and Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500.

(Doc. 26, Ex. B, p. 1).

Plaintiff has also submitted documentation of his grievance appeal to the Office of the Secretary, documentation which, again, was omitted by defendants. (Doc. 26, Exs. C, D). Plaintiff's initial grievance appeal was returned by the Secretary's Office without action for plaintiff's failure to attach a copy of his formal grievance and response. (Doc. 26, Ex. C, p. 2). In returning the grievance, the Secretary provided: "Upon receipt of this response, if you are within the allowable time frames for

processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure." (Doc. 26, Ex. C, p. 2). Plaintiff timely resubmitted his grievance appeal. (Doc. 26, Ex. D, p. 1). In plaintiff's grievance appeal, he again complained that he was denied a low-tier, low-bunk pass. Plaintiff described his injuries from the fall and requested referral to a specialist. Plaintiff's grievance appeal was denied on the merits on December 27, 2013, as follows:

> Appeal Denied:
>
> Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.
>
> It is determined that the response made to you by Dr. Calaycay on 11/11/13 appropriately addresses the issues you presented.
>
> It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults.
>
> Records reviewed indicate that you were just seen by the physician in a follow-up on 12/10/13.
>
> If you are experiencing problems, sick call is available so that you may present your concerns to your health care staff.

(Doc. 26, Ex. D, p. 2).

Application of the Law to the Facts

Because plaintiff initiated this lawsuit on December 17, 2013, he was required to properly exhaust his administrative remedies as to any claim brought in this action before December 17, 2013. *See Goebert v. Lee Cnty*, 510 F.3d 1312, 1324 (11th Cir.

2007) ("The time the statute sets for determining whether exhaustion of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied. . . . Otherwise, the exhaustion requirement would not serve its purposes of permitting corrections officials an opportunity to redress grievances before a lawsuit is initiated, thereby reducing the amount of inmate litigation that is filed.").

Contrary to defendants' argument, the record establishes that plaintiff completed each step of the administrative grievance procedure, and that his grievances were rejected on the merits, not as untimely. This suit is still subject to dismissal, however, because plaintiff failed to await the Secretary's response to his resubmitted grievance appeal before initiating this lawsuit. Plaintiff filed this lawsuit on December 17, 2013, but the Secretary's response on the merits was not issued until December 27, 2013. Plaintiff's initiation of this lawsuit prior to completion of administrative exhaustion requires dismissal of this case. As the Eleventh Circuit explained in *Smith v. Terry*, 491 F. App'x 81 (11th Cir. 2012):

> The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint. *See Harris*, 216 F.3d at 981. . . . Smith's attempt to amend or supplement his original complaint did not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect. *See id.* (stating that an amended or supplemental complaint could not cure the original defective complaint because "[n]o amendment or supplement to a pleading can change a historical fact."). And although Rule 15(d) permits parties to supplement a pleading even when the original pleading is defective, Rule 15 "does not and cannot override a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Id*. at 982-83.

*Id*. at 83 (*citing Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000)). As plaintiff may refile his claims by timely initiating a new lawsuit, this case should be dismissed without prejudice. The dismissal nonetheless counts as a "strike" under 28 U.S.C. § 1915(g).[1]

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 20) be GRANTED and this action DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted (failure to exhaust available administrative remedies), but that the dismissal be WITHOUT PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of February, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] A prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

*Case No: 3:13cv633/LC/CJK*